# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| STEPHEN THAXTON and PATRICIA THAXTON, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiffs,<br><br>v.<br><br>COLLINS ASSET GROUP, LLC; COLLINS & HILTON ASSET GROUP, LLC; DIVERSIFIED FINANCING LLC; MARK W. MILLER; ALT MONEY INVESTMENTS, LLC; ALT MONEY INVESTMENTS II, LLC; ALT MONEY INVESTMENTS III, LLC; ALT MONEY INVESTMENTS IV, LLC; and SONOQUI, LLC;<br><br>    Defendants. | Case No.: 1:20-CV-00941-ELR<br><br>**CLASS ACTION** |

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

Presently before this Court are the motions of Plaintiffs Stephen Thaxton and Patricia Thaxton ("Plaintiffs"), individually and on behalf of all others similarly situated, to preliminarily approve the proposed Settlement Agreement and Release of this action ("Settlement Agreement"), to certify the Settlement Class, to approve the form and method of providing notice to the Settlement Class

of the proposed Settlement, and to set a date for a fairness hearing on the proposed Settlement.[1] [Docs. 53, 58].

The Court has reviewed the Settlement Agreement, with its exhibits, and based on upon the relevant papers and all prior pleadings and proceedings in this matter, the Court has determined that the proposed Settlement satisfies the criteria of Federal Rule of Civil Procedure 23(e) such that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate, and that issuance of notice of the proposed Settlement in accordance with the proposed notice plan is appropriate. Accordingly, good cause appearing in the record, **IT IS HEREBY ORDERED THAT**:

## The Settlement Class and Class Counsel

1. As set forth more fully herein, the Court finds that giving notice of the Settlement is justified pursuant to Federal Rule of Civil Procedure 23(e)(1). The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the following Settlement Class for purposes of judgment on the Settlement:

> Any individual and/or entity and their assignees who are citizens of the United States, who lent money to Diversified Financing LLC ("Diversified"), Sonoqui LLC ("Sonoqui") or ALT Money Investments, LLC, ALT Money Investments II, LLC, ALT Money Investments III, LLC, ALT Money IV, LLC (collectively, the "ALT Money Investments"), and in exchange received a

---

[1] All capitalized terms not otherwise defined herein shall have the meaning as used in the Settlement Agreement.

promissory note and/or membership interest issued by Diversified, Sonoqui or any of the ALT Money Investments indicating that the money would thereafter be loaned to Collins Asset Group, LLC ("CAG").[2]

2.     For settlement purposes, the Court determines that the proposed Settlement Class meets all of the requirements of Rule 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of the absent Settlement Class Members; that the class representatives will fairly and adequately protect the interests of the Settlement Class, as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

3.     The Court appoints Plaintiffs Stephen Thaxton and Patricia Thaxton as representatives of the proposed Settlement Class.

_____

[2] Excluded from the Settlement Class are (i) Plaintiffs' counsel and family members; (ii) Defendants' employees, officers, directors, members, or managers; (iii) Defendants' legal representatives; (iv) any entity in which Defendants have a controlling interest; (v) any Judge to whom the litigation is assigned and all members of the Judge's immediate family; and (vi) all persons who timely and validly request exclusion from the Settlement Class.

4. The following lawyers are designated as class counsel for the Settlement Class pursuant to Rule 23(g): Jason R. Doss of The Doss Firm, LLC and Jason Kellogg of Levine, Kellogg, Lehman, Schneider + Grossman. The Court finds that these lawyers are experienced and will adequately protect the interests of the Settlement Class.

## Preliminary Evaluation of the Proposed Settlement

5. The December 2018 amendments to Rule 23 provide explicit new instructions, requiring notice to be issued if the court is likely to approve the settlement and certify a settlement class. *See* FED. R. CIV. P. 23(e)(1)(B). Accordingly, the amendments specify that before finally approving a settlement, the court should consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

FED. R. CIV. P. 23(e)(2). Prior to the Rule 23 amendments, courts in this District considered the so-called *Bennett* factors[3] customarily used at the final approval stage. *See, e.g., Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 258 F.R.D. 545, 558-59 (N.D. Ga. 2007). Since the amendments, some courts that have addressed the issue consider both the new Rule 23(e) and the *Bennett* factors. *See Grant v. Ocwen Loan Servicing, LLC*, 2019 WL 367648, at *5 (M.D. Fla. Jan. 30, 2019) (defining *Bennett* factors as "analogous" to Rule 23(e) inquiry); *Gumm v. Ford*, 2019 WL 479506, at *4 (M.D. Ga. Jan. 17, 2019). The Court analyzes both here.

## A. The Adequacy of Representation by Class Representatives & Class Counsel

6. Adequacy of representation is an issue traditionally considered in connection with class certification and involves two questions: "(1) whether the class representatives have interests antagonistic to the interests of other class members;

---

[3] The *Bennett* factors include: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, expense, and duration of litigation; (5) the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

and (2) whether the proposed class' counsel has the necessary qualifications and experience to lead the litigation." *Columbus Drywall & Insulation, Inc*., 258 F.R.D. at 555. Here, Plaintiffs have the same interest as other Settlement Class Members because they are asserting the same claims and share remarkably similar claims for injuries. Moreover, they have pursued this litigation vigorously by actively seeking out counsel, monitoring the lawsuit, and participating in mediation in an effort to obtain the maximum recovery for both themselves and for the other Settlement Class Members.

7.     As to the adequacy of the class counsel factor, "the adequacy of class counsel is presumed" absent specific proof to the contrary. *Diakos v. HSS Sys., LLC*, 137 F. Supp. 3d 1300, 1309 (S.D. Fla. 2015). Throughout this complex Action, Class Counsel has acted with diligence, skill, and professionalism. Class Counsel are experienced in complex class litigation and have successfully prosecuted similar cases throughout the country. In addition, there has been no challenge Class Counsel's adequacy to serve as Class Counsel in connection with this proposed Settlement.

## B.     The Proposal was Negotiated at Arm's Length

8.     The Court finds that the settlement was negotiated at arm's length and without collusion based on the terms of the settlement itself, the length and difficulty of the negotiations over more than 100 collective hours, and the oversight of an

expert mediator, Hunter R. Hughes III. *See Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 693 (N.D. Ga. 2001) ("The fact that the entire mediation was conducted under the auspices of Mr. Hughes, a highly experienced mediator, lends further support to the absence of collusion.").

### C.     The Adequacy of Relief Provided by the Settlement

9.     For the reasons stated below, the Court finds that the multi-million-dollar relief provided by the Settlement Agreement is fair, reasonable, and adequate. The Court is entitled to rely upon the judgment of experienced counsel. *See, e.g, Nelson v. Mead Johnson & Johnson Co.*, 484 F. App'x 429, 434 (11th Cir. 2012) ("Absent fraud, collusion, or the like, the district court should be hesitant to substitute its own judgment for that of counsel.") (internal quotations omitted). T hat the relief is fair, reasonable, and adequate is further confirmed by considering the four specific factors enumerated in Rule 23(e)(2).

#### 1.     *The Risks of Costs and Delay of Continued Litigation*

The cost and delay of continued litigation are substantial.  The Settlement will bring about the conclusion of two separate lawsuits involving more than 100 parties with competing legal theories.[4] But for the Settlement, the parties to those two litigations will incur significant additional legal fees and expenses related to

---

[4] In addition to this action, upon final approval of the Settlement Agreement, because all interpleader defendants in the action captioned Collins Asset Group, LLC v. Diversified Financing LLC, et al., Case No. 1:20-CV-02818-ELR (N.D. Ga.) (the "Interpleader Action"), are included within the Settlement Class, the Interpleader Action will also be dismissed with prejudice.

discovery, motion practice, and potentially trial. Due to the congestion of the federal courts and the uncertainties brought about by the COVID-19 pandemic, any trial of this matter and the Interpleader Action likely will not occur until 2022 (at the earliest) and any appeals would likely delay a final resolution by an additional year.

### 2. *The Effective Method of Distributing Relief*

The distribution process provides for prompt payments to Settlement Class Members by check and for a simple and safe mechanism whereby Settlement Class Members can request that payment be made to a different payee. The Court finds this to be efficient and effective. The appointment of a Settlement Administrator, RG2 Claims Administration LLC, reinforces the efficacy of the relief process because a qualified entity will be designated to manage the entire distribution process.

### 3. *The Reasonable Terms Relating to Attorneys' Fees*

Class Counsel has requested 25% of the net Settlement Amount of $15,755,000.00 less (i) any reductions related to individuals or entities that opt out of the Settlement Class, as provided in the Settlement Agreement, and (ii) any costs of providing notice and administration of the Settlement. Preliminarily, the Court finds this request consistent with *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), which mandates use of the percentage method and noted 25% was then viewed as the "bench mark." Following *Camden I*, fee awards in the

Eleventh Circuit averaged around one-third. *See Wolff v. Cash 4 Titles*, 2012 WL 5290155, at \*5-6 (S.D. Fla. Sept. 26, 2012) ("The average percentage award in the Eleventh Circuit mirrors that of awards nationwide—roughly one-third"); *George v. Acad. Mortg. Corp. (UT)*, 369 F. Supp. 3d 1356, 1382 (N.D. Ga. 2019) (discussing the normality of 33% contingency fees); Eisenberg, *Attorneys' Fees in Class Actions: 2009-2013*, 92 N.Y.U. LAW REV. 937, 951 (2017) (empirical study showing the median award in Eleventh Circuit is 33%). Given the diligence and experience of Class Counsel, which investigated and developed claims, the complexity of the issues involved, the substantial amount of time dedicated to the Action and Settlement, and the financial risk associated with the representation, a 25% fee in favor of Class Counsel appears reasonable.

### 4. *The Agreements Identified Pursuant to Rule 23(e)(3)*

Rule 23(e)(3) states that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal." Vendors providing services are subject to contracts relating to their obligations under the Settlement. These provisions do not affect the adequacy of the relief.

## D. **The Equitable Treatment of Class Members Relative to Each Other**

10. The Settlement makes each Settlement Class Member eligible to receive the same benefits as other Settlement Class Members. No Settlement Class Members are favored over another and, therefore, the treatment is equitable. The

proposed Settlement Agreement treats all members of the Settlement Class equally as each will receive a *pro rata* amount based on their individual loan to Diversified, Sonoqui, or any of the ALT Money Investments.

11.     In sum, upon preliminary review, the Court finds the proposed Settlement provides for a recovery for the Settlement Class that is within range of what could be approved as fair, reasonable, and adequate, taking into account all of the risks, expense, and delay of continued litigation; is the result of numerous good faith and arm's-length negotiations that took place under the auspices of a prominent national mediator; is not otherwise deficient; otherwise meets the criteria for approval; and thus warrants issuance of notice to the Settlement Class.

12.     In making this determination, the Court has considered the substantial monetary benefits to the Settlement Class; the specific risks faced by the Settlement Class in prevailing on Plaintiffs' claims; the stage of the proceedings at which the Settlement was reached; the effectiveness of the proposed method for distributing relief to the Settlement Class; and the proposed manner of allocating benefits to the Settlement Class.

## **Approval Hearing**

**13.**     An approval hearing shall take place before the Court on **Thursday, June 10, 2021 at 9:30 a.m.** in Courtroom 1708 of the United States District Court for the Northern District of Georgia, located at the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia

30303, to determine whether: (a) the proposed Settlement Class should be certified for settlement purposes pursuant to Rule 23; (b) the Settlement should be approved as fair, reasonable, and adequate and, that full effect should be given to the releases and the Bar Order contained in the Settlement Agreement and those provisions finally approved as contained therein, and that this matter should be dismissed with prejudice; (c) Class Counsel's application for attorneys' fees and expenses should be approved; (d) the application for the class representatives to receive service awards should be approved; and (e) any other matters the Court deems necessary and appropriate will also be heard.

14.     Any Settlement Class Member who has not timely and properly excluded themselves from the Settlement Class in the manner described below may appear at the approval hearing in person or through counsel and be heard, as allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member who excluded themselves from the Settlement Class shall be entitled to object or otherwise appear at the approval hearing, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

## Administration and CAFA Notice

15.     RG2 Claims Administration LLC is appointed as the Settlement Administrator, with responsibility for claim submissions, certain notice functions, and administration of the Settlement pursuant to the terms of the Settlement Agreement.

16.     The Proof of Claim form attached to the Settlement Agreement as Exhibit A is approved.

17.     The Settlement Administrator will require Settlement Class Members to timely submit a Proof of Claim Form and Reasonable Documentation related to their claims, as required by the terms of the Settlement Agreement, in order to verify a Settlement Class Member's status as a Settlement Class Member and/or eligibility for any benefits under the Settlement, in addition to any other purposes consistent with the Settlement Administrator's responsibilities under the Settlement Agreement. The Settlement Administrator's fees, as approved by the parties, will be paid from the Settlement Amount pursuant to the Settlement Agreement.

## Notice to the Settlement Class

18.     RG2 Claims Administration LLC is appointed as the notice provider, with responsibility for effectuating notice to the Settlement Class in accordance with the proposed notice requirements outlined in the Settlement Agreement. The notice

provider's fees, as approved by the parties, will be paid from the Settlement Amount pursuant to the Settlement Agreement.

19.     The notice plans set forth in the Settlement Agreement and the form of notice attached as Exhibit B to the Settlement Agreement satisfy the requirements of Federal Rule of Civil Procedure 23 and thus are approved.     Non-material modifications to the notice may be made without further order of the Court. The notice provider is directed to carry out the notice in conformance with the Settlement Agreement and to perform all other tasks that the Settlement Agreement requires of it.

20.     The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Settlement Agreement: (a) constitute the best practicable notice to the Settlement Class; (b) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) is reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.

## Exclusions from the Settlement Class

21.    Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude themselves to the Settlement Administrator at the address provided in the approved notice attached to the settlement agreement postmarked no later than **April 3, 2021**. Each written request for exclusion must be signed by the Settlement Class Member seeking exclusion and can only request exclusion for that one Settlement Class Member and must contain the following information:

(1)  The name of this proceeding (*Thaxton, et al. v. Collins Asset Group, LLC, et al.*, Case No. 20-cv-00941, or similar identifying words such as "Collins Asset Group Lawsuit")

(2)  full name;

(3)  current address;

(4)  the words "Request for Exclusion" at the top of the document or a statement that you do not wish to participate in the Settlement;

(5)  personal signature, and

(6)  enclose any and all Reasonable Documentation that the Settlement Class Member otherwise would have submitted to file a claim under the Settlement Agreement.

22.    Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound

by all subsequent proceedings, orders, and judgments in this matter, including but not limited to the releases set forth in the Settlement Agreement and final judgment.

23. The Settlement Administrator shall provide the Class Counsel and counsel for Collins Asset Group, LLC with copies of all opt-out notifications, and, within fourteen (14) days after the opt-out deadline, shall provide the Parties a final list of all that have timely and validly excluded themselves from the Settlement Class. The final list of Settlement Class Members who are excluded from the Settlement Class, as well as a final list of those Settlement Class Members comprising the Settlement Class should be filed with the Court by Class Counsel fourteen (14) days prior to the approval hearing.

24. All those Settlement Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

## Objections to the Settlement, Releases and Bar Order

25. A Settlement Class Member who complies with the requirements of this Order may object to the Settlement, Class Counsel's request for attorneys' fees and expenses, or the request for service awards to the class representatives.

26. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be considered by the Court related to any objection by the Settlement Class Member,

unless the Settlement Class Member's objection is (a) electronically filed with the Court by the objection deadline; or (b) mailed to the Settlement Administrator at the address listed in the notice that was provided and that is available on the Settlement website, and postmarked by no later than the objection deadline. Objections shall not exceed twenty-five (25) pages, double-spaced pages in length. For the objection to be considered by the Court, the objection must be in writing and set forth:

(a) The name of this proceeding (*Thaxton, et al. v. Collins Asset Group, LLC, et al.*, Case No. 20-cv-00941, or similar identifying words such as "Collins Asset Group Lawsuit");

(b) the Settlement Class Member's full name;

(c) the Settlement Class Member's current address;

(d) the Settlement Class Member's personal signature (an attorney's signature is not enough);

(e) A statement indicating why the Settlement Class Member thinks that the Settlement Class Member is a part of the Settlement Class;

(f) A statement with the reasons why the Settlement Class Members objects to the Settlement, accompanied by any legal support for the Settlement Class Member's objection;

(g) A statement identifying all class action settlements to which the Settlement Class Members has objected in the previous five (5) years; and

(h)   A statement as to whether the Settlement Class Members intends to appear at the Approval Hearing, either in person or through a lawyer, and if through a lawyer, identifying the lawyer by name, address and telephone number, and four (4) dates from when the objection is filed through twenty (20) days before the Approval Hearing during which the Settlement Class Member is available to be deposed by counsel for the Parties.

(i)   A detailed description of any and all evidence the Settlement Class Member may offer at the Approval Hearing, including copies of any and all exhibits the Settlement Class Member may seek to introduce at the Approval Hearing.

27.   Additionally, if the objecting Settlement Class Member is represented by a lawyer and the lawyer intends to seek compensation for his or her services from anyone other than objecting Settlement Class Member, then the objection letter must include:

(a)   The identity of all lawyers who represent the Settlement Class Members, including any former or current lawyer who may be entitled to compensation for any reason related to the objection;

(b)   A statement identifying all instances in which the lawyer or the lawyer's law firm have objected to a class action settlement within the preceding five (5) years, giving the case name, case number, and court in which the class action settlement was filed;

(c)   A statement identifying any and all agreements or contracts that relate to the objection or the process of objecting- whether written or oral- between the Settlement Class Member, the Settlement Class Member's lawyer, and/or any other person or entity;

(d) A description of the lawyer's legal background and prior experience in connection with class action litigation; and

(e)   A statement regarding whether the lawyer's compensation will be calculated on the basis of loadstar, contingency, or other method; an estimate of the amount of fees to be sought; the factual and legal justification for any fees to be sought; the number of hours already spent by the lawyer and an estimate of the hours to be spent in the future; and the lawyer's hourly rate.

28.   Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object to the Settlement, may have their objection stricken from the record, and may lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member shall also be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the releases in the Settlement Agreement if final judgment is entered.

29.   Diversified and Sonoqui were served with copies of all documents in support of Plaintiffs' motion for preliminary approval of the Settlement, including

copies of the Settlement Agreement containing the Release and Bar Order, on December 21, 2020. [Docs. 59, 60]. Neither Diversified nor Sonoqui, opposed the motion for preliminary approval, including the preliminary approval of the Settlement Agreement and the Releases and Bar Order contained therein. Upon entry of the Final Order of Approval of the Settlement Agreement, the Bar Order and the Releases therein, will become fully effective, except as against those Settlement Class Members who timely and validly requested exclusion from the Settlement Class.

## Claims Process

30.     The Settlement Agreement establishes a process for claiming benefits under the Settlement.  To receive any compensation, Settlement Class Members must submit the approved Proof of Claim form, attached as Exhibit A to the Settlement Agreement, to the Settlement Administrator, and submit Reasonable Documentation, as defined in and pursuant to the terms of the Settlement Agreement, to support the Settlement Class Members' claim by the claims deadline, which is **May 13, 2021**.

## Termination of the Settlement and Use of this Order

31.     This Order shall become null and void and shall be without prejudice to the rights of the parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not approved by the Court or is terminated in accordance with the terms of  the

Settlement Agreement. In such event, the Settlement and Settlement Agreement, and all rights and obligations thereunder, including any releases, shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever by any person or entity.

32. This Order shall be of no force or effect if final judgment is not entered or there is no effective date under the terms of the Settlement Agreement; shall not be construed or used as an admission, concession, or declaration by or against any party of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any settlement class representative or any other settlement class member that its claims lack merit or that the relief requested is inappropriate, improper, or unavailable; and shall not constitute a waiver by any party of any defense or claims it may have in this litigation or in any other lawsuit.

## **Continuance of Approval Hearing**

33. The Court reserves the right to adjourn or continue the approval hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement website by the Settlement Administrator.

34.     The Settlement Agreement shall be administered according to its terms pending the approval hearing.  Deadlines arising under the Settlement Agreement and this Order include, but are not limited to, the following:

| EVENT | TIMING |
|---|---|
| Deadline to provide known Settlement Class Member list to Settlement Administrator | January 23, 2021; 10 days after Court grants preliminary approval |
| Deadline for Settlement Administrator to provide notice to Settlement Class Members | February 2, 2021; 20 days after Court grants preliminary approval |
| Deadline to file Class Counsel's motion for attorneys' fees, costs, expenses and service awards | February 27, 2021; 45 days after Court grants preliminary approval. |
| Objection deadline | April 3, 2021; 60 days after notice deadline |
| Opt-out deadline | April 3, 2021; 60 days after notice deadline |
| Deadline for Settlement Class Members to submit claims to Settlement Administrator | May 13, 2021; 120 days after Court grants preliminary approval |
| Deadline for Class Counsel to file motion for final approval of settlement and responses to any timely submitted Settlement Class Member objections | May 27, 2021; 14 days before Final approval hearing |
| Approval hearing | June 10, 2021 at 9:30 a.m. |

**SO ORDERED**, this 13th day of January, 2021.

Eleanor L. Ross
United States District Judge
Northern District of Georgia