## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| STEPHEN THAXTON and PATRICIA THAXTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COLLINS ASSET GROUP, LLC, COLLINS & HILTON ASSET GROUP, LLC, DIVERSIFIED FINANCING, LLC, MARK W. MILLER, ALT MONEY INVESTMENTS, LLC, ALT MONEY INVESTMENTS II, LLC, ALT MONEY INVESTMENTS III, LLC, ALT MONEY INVESTMENTS IV, LLC, and SONOQUI, LLC,<br><br>Defendants. | Case No.: 1:20-CV-00941-ELR |

## DECLARATION OF MICHAEL B. TERRY

1.

My name is Michael B. Terry. I am over 18 years of age.

2.

I am suffering under no disabilities and am legally competent to make this

Declaration.  This affidavit is based on my personal knowledge and my review of

some of the court filings in this case and business records provided to me by Class Counsel.

3.

I submit this Declaration in support of Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees, Expenses, and Incentive Award and for other purposes allowed by law.

4.

I am a partner in the firm Bondurant Mixson & Elmore, LLP ("BME").

5.

BME and its attorneys have been recognized for the quality of their work in various industry publications based on client- and peer-reviews.  For example, BME was one of ten firms in the country named to the National Law Journal's Litigation Boutique Hot List; Best Lawyers in America has listed more than one-third of our partners (in the areas of Bet-the-Company Litigation, Commercial Litigation, Antitrust Law, Appellate Law, Alternative Dispute Resolution, and First Amendment Law); Euromoney Institutional Investors' Benchmark Litigation guide has given BME its highest rating, and Chambers USA lists BME as "Band 1" for excellence in commercial litigation.

6.

BME has extensive experience litigating class actions, on both the plaintiff

and defense side, in venues throughout the country.  Examples of that experience include: *Bickerstaff v. SunTrust Bank*, 299 Ga. 459 (2016), cert. denied, *SunTrust Bank v. Bickerstaff*, 137 S. Ct. 571 (2016); *Owens v. Metro. Life Ins. Co*., No. 2:14-cv-00074 (N.D. Ga.) (settled in 2019); *Manjunath A. Gokare, P.C. v. Federal Express Corp.*, No. 2:11-cv-02131 (W.D. Tenn. Aug. 1, 2012) (plaintiffs' class counsel); *Adams v. Monumental Gen. Cas. Co*., 541 F.3d 1276 (11th Cir. 2008) (plaintiffs' class counsel); *Andrews v. AT&T*, 95 F.3d 1014 (11th Cir. 1996) (defense counsel); *Angino v. Confederation Life Ins. Co., et al*., No. 4563-S-1994 (Court of Common Pleas, Dauphin County, Pennsylvania) (defense counsel); *Atherton v. Toshiba American Info. Sys., Inc*., No. CV08-02141 (C.D. Cal.) (Class Counsel); *Brown v. Fidelity Bank*, No. 11-A-37991-4 (State Court, DeKalb County, Georgia) (Class Counsel); *Butler v. Matsushita Commc'n Indus. Corp*., 203 F.R.D. 575 (N.D. Ga. 2001) (plaintiffs' counsel); *Carnett's, Inc. v. Hammond*, 279 Ga. 125 (2005) (defense counsel); *Columbus Drywall & Insulation, Inc. v. Masco Corp*., 258 F.R.D. 545 (N.D. Ga. 2007) (Class Counsel); *Cooper v. Southern Co*., 390 F.3d 695 (11th Cir. 2004) (plaintiffs' counsel); *Flournoy v. Georgia*, No. 2009CV178947 (State Court, Fulton County, Georgia) (Class Counsel); *Griffin Indus. v. Green*, 297 Ga. App. 354 (2009) (Class Counsel); *Griner v. Synovus Bank*, 818 F. Supp. 2d 1338 (N.D. Ga. 2011) (plaintiffs' counsel); *In re Immucor Sec. Litig*., 2006 WL 3000133 (N.D. Ga. Oct. 4, 2006) (defense counsel); *Ingram v. Coca-Cola Co*., 200 F.R.D.

685 (N.D. Ga. 2001) (Class Counsel); *J.M.I.C. Life Ins. Co. v. Toole*, 280 Ga. App. 372 (2006) (Class Counsel); *Mitchell v. ADP, Inc*., 2012 WL 3880919 (N.D. Ga. Sept. 5, 2012) (plaintiffs' counsel); *Perdue v. Kenny A*., 559 U.S. 542 (2010) (Class Counsel); *Resource Life Ins. Co. v. Buckner*, 304 Ga. App. 719 (2010) (Class Counsel); *Ritt v. Billy Blanks Enters*., 171 Ohio App. 3d 204 (2007) (defense counsel); *Sanford v. MemberWorks, Inc*., 483 F.3d 956 (9th Cir. 2007) (defense counsel); *Sanford v. West Corp*., 2006 WL 1791592 (Cal. Ct. App. 4th Dist. June 30, 2006) (defense counsel); *Schorr v. Countrywide Home Loans, Inc*., 287 Ga. 570 (2010) (Class Counsel); *Synovus Bank v. Griner*, 2013 Ga. App. LEXIS 294 (Ga. App. Mar. 28, 2013) (plaintiffs' counsel); *Williams v. Mohawk Indus., Inc*., 568 F.3d 1350 (11th Cir. 2009) (Class Counsel).

7.

I graduated magna cum laude from the University of Georgia's School of Law in 1987.  Since that time, my practice has focused heavily on class action litigation at both the trial and appellate court levels.  My personal experience as counsel for plaintiffs in class matters includes *Bickerstaff v. SunTrust Bank*, 299 Ga. 459 (2016), cert. denied, *SunTrust Bank v. Bickerstaff*, 137 S. Ct. 571 (2016); *Schorr v. Countrywide Home Loans, Inc*., 287 Ga. 570 (2010); *Res. Life Ins. Co. v. Buckner*, 304 Ga. App. 719 (2010); *J.M.I.C. Life Ins. Co. v. Toole*, 280 Ga. App. 372 (2006); *Owens v. Metro. Life Ins. Co*., No. 2:14-cv-00074 (N.D. Ga. 2019); *Columbus*

*Drywall & Insulation, Inc. v. Masco Corp*., 258 F.R.D. 545 (N.D. Ga. 2007); *Griner v. Synovus Bank*, 818 F. Supp. 2d 1338 (N.D. Ga. 2011); *Cooper v. Southern Co*., 390 F.3d 695 (11th Cir. 2004); *Griffin Indus. v. Green*, 297 Ga. App. 354 (2009); *Adams v. Monumental Gen. Cas. Co*., 541 F.3d 1276 (11th Cir. 2008); *Mitchell v. ADP, Inc*., No. 1:12-CV-1074, 2012 U.S. Dist. LEXIS 126760 (N.D. Ga. Sept. 4, 2012); *DeKalb Cty. Sch. Dist. v. Gold*, 307 Ga. 330 (2019); and *DeKalb Cty. v. Adams*, 272 Ga. 401 (2000).  I was also counsel for the plaintiff usury class certified for settlement purposes in *Brown v. Fidelity Bank*, State Court of DeKalb County, State of Georgia, Case No. 11-A-37991-4.

8.

I have also testified as an expert on attorneys' fees in class actions in which I was not class counsel, and in that capacity have been accepted by the Courts as an expert.  I have been repeatedly named a Top 100 Georgia Super Lawyer (by Atlanta Magazine), a Leading Business Lawyer (by Chambers USA) and a Georgia Local Litigation Star (by Benchmark Plaintiff).  In addition, I have served as the President of the Atlanta Bar Association, a Member of the Board of Governors for the State Bar of Georgia and as Chair of the Atlanta Bar Association's Litigation Section.

9.

The settlement in this case was the product of literally months of arms-lengths negotiations, and multiple mediation sessions with Hunter Hughes, a nationally

recognized attorney that specializes in mediating complex litigation disputes and class actions.  I have personally used Hunter Hughes to (successfully) mediate two class actions to settlement.  The parties selected and hired him because of his particular expertise in class actions and experience in the subject matter.  As a part of the subsequent final settlement agreement, Defendant Collins Asset Group, LLC agreed not to oppose a fee of 25%.

10.

The "customary fee" in class action lawsuits is the "ordinary and customary market rates [charged to] fee-paying clients . . . in the relevant community." *Ressler v. Jacobson*, 149 F.R.D. 651, 654 (M.D. Fla. 1992) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); see also *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Behrens v. Wometco Enters., Inc*., 118 F.R.D. 534, 547 (S.D. Fla. 1988), aff'd, 899 F.2d 21 (11th Cir. 1990).  In a class action such as this one, the customary fee is a contingency fee based on a percentage of the total recovery ("common fund"), because virtually no individual possesses a sufficiently large stake in the litigation to justify paying his attorneys on an hourly basis.  See *Ressler*, 149 F.R.D. at 654; see also *Norman*, 836 F.2d at 1299.

11.

Plaintiffs' counsel in this Action seeks a recovery of 25 percent, which is significantly less than what is considered a customary fee in such a case.  A "one-

third recovery . . . is a customary fee" for class actions. *Diakos v. HSS Sys., LLC*, No. 14-61784, 2016 WL 3702698, at *6 (S.D. Fla. Feb. 4, 2016). For that reason, a fee of 25.0% of the common fund—the amount Class Counsel seeks here—is significantly below what numerous other courts have awarded in similarly complex class actions and is appropriate here. For example, most recently, in *Owens v. Metro. Life Ins. Co.*, Case No. 2:14-cv-00074, in the U.S. District Court for the Northern District of Georgia, Judge Richard Story awarded class counsel 33.3 percent of the common fund of $80 million dollars in November 2019. See also e.g., *Fernandez v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2017 WL 7798110, at *4 (S.D. Fla. Dec. 18, 2017) (35%); *In re Clarus Corp. Sec. Litig*., No. 1:00-cv-02841 (N.D. Ga. Jan. 6, 2005) (33.33%); *In re Pediatrics Servs. of Am., Inc. Sec. Litig*., 1:99-cv-00670 (N.D. Ga. Mar. 15, 2002) (33.33%); *In re Profit Recovery Group Int'l, Inc*. Sec. Litig., No. 1:00-CV-1416-CC (N.D. Ga. May 26, 2005) (33.33%); *In re Theragenics Corp., Sec. Litig*., No. 1:99-CV-0141-TWT (N.D. Ga. Sept. 29, 2004) (33.33%); *In re Harbinger Corp. Sec. Litig*., No. 1:99-CV-2353-MHS (N.D. Ga. Oct. 18, 2001) (33.33%); *In re The Maxim Group, Inc. Sec. Litig*., No. 1:99-CV- 1280-CAP (N.D. Ga. July 20, 2004) (33.33%); *In re Medirisk, Inc. Sec. Litig*., No. 1:98-CV-1922-CAP (N.D. Ga. Mar. 22, 2004) (33.33%); *Meyer v. Citizens & S. Nat'l Bank*, 117 F.R.D. 180 (M.D. Ga. 1987) (33.3%). See also *Zinman v. Avemco Corp*., No. 75-1254, 1978 WL 5686 (E.D. Pa. Jan. 18, 1978) (50%); *Aamco Automatic*

*Transmissions, Inc. v. Tayloe*, 82 F.R.D. 405 (E.D. Pa. 1979) (43.87%); *In re Ampicillin Antitrust Litig*., 526 F. Supp. 494 (D.D.C. 1981) (40.4%); *Howes v. Atkins*, 668 F. Supp. 1021 (E.D. Ky. 1987) (40%); *In re Terazosin Hydrochloride Antitrust Litig*., 1:99-MD-01317-PAS (S.D. Fla. April 19, 2005) (33 1/3 % of settlement of over $30 million); *In re Managed Care Litig. v. Aetna*, MDL No. 1334, 2003 WL 22850070 (S.D. Fla. Oct. 24, 2003) (fees and costs of 35.5% of settlement of $100 million); *Gutter v. E.I. Dupont De Nemours & Co.,* 1:95-cv-02152 [Dkt. 626] (S.D. Fla. May 30, 2003) (33 1/3 % of settlement of $77.5 million); *Waters v. Int'l Precious Metals Corp*., 190 F.3d 1291 (11th Cir. 1999) (33 1/3 % of settlement of $40 million); *Morgan v. Public Storage*, No. 1:14-cv-21559 [Dkt. 407] (S.D. Fla. Mar. 10, 2016) (awarding 33%); *Grier v. Chase Manhattan Auto. Fin. Co*., No. 99-180, 2000 WL 175126, at *16 (E.D. Pa. Feb. 16, 2000) (33.33% of the net settlement fund); *Ratner v. Bennett*, No. 92-4701, 1996 WL 243645 (E.D. Pa. May 8, 1996) (35%); *In re Crazy Eddie Sec. Litig*., 824 F. Supp. 320 (E.D.N.Y. 1993) (33.85% of settlement fund).  Although it was in the Georgia State Court system, in 2020 the Superior Court of DeKalb County approved a fee of 33.0 percent of a settlement of $117.5 million in post-remand proceedings in *DeKalb Cty. Sch. Dist. v. Gold*, 307 Ga. 330 (2019).

12.

Given the complexity, burden and risk associated with this case, the requested

fee of 25% is well in line with the case law. *Johnson v. Midwest Logistics Sys., Ltd.*, No. 2:11-CV-1061, 2013 WL 2295880 (S.D. Ohio May 24, 2013) (approving 33% attorneys' fees and expense award in common fund settlement); *In re Se. Milk Antitrust Litig.*, No. 2:08-MD-1000, 2013 WL 2155387, at *3 (E.D. Tenn. May 17, 2013) (approving 33% attorneys' fees award [totaling $52.9 million] in common fund settlement and noting that "the percentage requested is certainly within the range of fees often awarded in common fund cases, both nationwide and in the Sixth Circuit"); *Rotuna v. West Customer Mgmt. Grp.*, No. 4:09-CV-1608, 2010 WL 2490989, at *7 (N.D. Ohio June 15, 2010) (approving attorneys' fees award of 33% in common fund case); *Bessey v. Packerland Plainwell, Inc.*, No. 4:06-CV-95, 2007 WL 3173972, at *4 (W.D. Mich. Oct. 26, 2007) (approving 31-32% attorneys' fees award and noting that "'[e]mpirical studies show that . . . fee awards in class actions average around one-third of the recovery'") (citation omitted) (emphasis added); *Dallas v. Alcatel-Lucent USA, Inc.*, No. 09-14596, 2013 WL 2197624, at *12 (E.D. Mich. May 20, 2013) (preliminarily approving 33% attorneys' fees award in common fund settlement of collective action and noting that "[v]arious courts haveexpressed approval of attorney fees in common fund cases at similar or higher percentages").

13.

Factors that would suggest an even higher percentage than is customary in this

particular case include the fact that the case is purely contingent; has been pending for over a year (delaying any fee and expense payment to Class Counsel for all of that time); the case was difficult and but for Class Counsel's efforts to investigate the complicated facts over many months and ultimately uncovered the multi-layered fraudulent scheme at issue in this case, members of the class likely would have received none of their money back.  The case also involved complicated legal issues related to state securities laws, state RICO laws, the Federal Interpleader Act, and class certification issues.

14.

Class Counsel successfully opposed Collins Asset Group's Interpleader Action, which Collins Asset Group filed in the Southern District of New York after this class case was filed in the Norther District of Georgia.  Had the Interpleader Action continued unabated, class members would have suffered irreparable harm. For example, Class Counsel, Jason Doss, flew to the Southern District of New York on only several hours' notice and successfully defeated Defendant Collins Asset Group's attempt to obtain an *ex parte* TRO, which, if granted, would have forced class members to litigate any future disputes in the Southern District of New York and limited class members' ability to recover anything from Collins Asset Group. Plaintiff's counsel, Jason Doss, also protected the interests of the class by obtaining an Order extending the deadline for class members to file an answer in the

Interpleader Action. But for Class Counsel's actions, the vast majority of class members who were named as defendants in the Interpleader Action would have defaulted, because they would not have hired an attorney (and never did) or otherwise answered the Interpleader complaint. Without any guarantee of being paid for his time, Plaintiff's counsel, Jason Doss, worked with and helped dozens of class members, who were unrepresented defendants in the Interpleader, file a joint motion to dismiss the Interpleader Action and then successfully transferred the Interpleader Action to the Northern District of Georgia, so that both the Interpleader Action and this class case could be decided by the same Court to avoid conflicting rulings. Indeed, the efforts of Class Counsel positioned this case to mediate and resulted in this extraordinary result.

15.

Class Counsel expended over 1,200 hours over the last year and a half pursing this case and they spent over $14,926.90 in expenses without any guarantee of recovery and precluding taking other profitable cases.  Further, Class Counsel have obtained an extraordinary result for the class in this highly complex and problematic case.

16.

In a case in which I was counsel, the Northern District of Georgia approved a fee award of 33.33% to class counsel who negotiated a $75 million common fund

settlement, holding that percentage for such a sizeable settlement was "in keeping with fee awards in highly complex, multi-year cases." *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, No. 1:04-cv-3066-JEC, 2012 WL 12540344, at *1 (N.D. Ga. Oct. 26, 2012) (emphasis added).  This is a "highly complex, multi-year case" such as that referred to in the Columbus Drywall opinion referenced above. This case also has been extensively litigated, all as set forth in more detail in the Declaration of Jason R. Doss and Jason Kellogg. [Doc. 53-1].

17.

It is my opinion that a fee award 25 percent of the settlement amount is a reasonable fee under all of the circumstances and is, in fact, below what is considered customary, despite the special circumstances of this case which would warrant a greater fee than is customary.

18.

Class Counsel incurred a combined $14,926.90 in expenses in connection with the prosecution of this case for which they seek reimbursement.  These expenses are of the type that courts have found are reasonably incurred in the prosecution of a class action, such as expenses for filing fees, service fees, mediator, expert witness expenses, court reporters, photocopies, electronic/computerized research, etc.  These expenses were reasonable and necessary for the prosecution of this action.

19.

The incentive payment requested for the Class Representatives is reasonable and appropriate based upon my experience in numerous class actions.  As set forth in more detail in the Declaration of Jason R. Doss and Jason Kellogg, these Class Representatives were particularly active and involved, participating and actively making decisions, setting strategy and participating in the successful settlement discussions.


FURTHER DECLARANT SAYETH NOT. In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the forgoing is true and correct.

This 25th day of February 2021.

/s/Michael B. Terry
Michael B. Terry