# 1IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STEPHEN THAXTON and PATRICIA THAXTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COLLINS ASSET GROUP, LLC, COLLINS & HILTON ASSET GROUP, LLC, DIVERSIFIED FINANCING LLC, MARK W. MILLER, ALT MONEY INVESTMENTS, LLC, ALT MONEY INVESTMENTS II, LLC, ALT MONEY INVESTMENTS III, LLC, ALT MONEY INVESTMENTS IV, LLC, and SONOQUI LLC,<br><br>           Defendants. | Case No.: 1:20-CV-00941-ELR |

## **DECLARATION OF JASON R. DOSS and JASON K. KELLOGG**

Jason R. Doss and Jason K. Kellogg declare as follows:

1. Jason R. Doss is an attorney licensed to practice before the courts in the States of Georgia and Florida and is also licensed to practice in the United States District Court Northern District of Georgia. Jason K. Kellogg is an attorney licensed

to practice in the State of Florida and is admitted *pro hac vice* in this case as co-counsel with Mr. Doss.

2. Plaintiffs Stephen Thaxton and Patricia Thaxton were represented in by Jason R. Doss and Jason K. Kellogg (collectively referred to herein as Class Counsel).  Collectively, Class Counsel have developed a deep expertise in litigating individual and class cases involving investment fraud schemes.

3. We submit this Declaration in support of Plaintiffs' Unopposed Motion for Attorney's Fees, Costs, Expenses and Service Award. We have personal knowledge of the matters addressed in this Declaration, including the negotiations that culminated with the filing of the proposed settlement now before this Court.

4. Class Counsel devoted well over 1,200 hours of time and fronted thousands of dollars in expenses with no guarantee of any recovery or reimbursement of expenses.  The Doss Firm has only two attorneys and the commitment of labor and up-front payment of expenses posed a considerable risk to the financial security of the law firm had the lawsuit failed to achieve a recovery for the Class.  If Class Counsel had not achieved a recovery, they would have received nothing and, in fact, suffered a substantial out-of-pocket loss.

5. This Action represented a significant allotment of resources by Class Counsel. The prosecution of this case on a contingency fee basis precluded Class Counsel from taking other, hourly employment.  The case required an even more

significant allotment of resources by The Doss Firm, which has just two lawyers. Class Counsel's business model involves prosecuting a relatively small number of major class actions, going for some time without revenue, and relying on periodic fee awards to pay overhead, generate profits, and finance the millions of dollars needed to cover litigation expenses.

6. The scope and complexity of this Action required Class Counsel to focus on it *exclusively* for extended periods of time. Class Counsel were the only lawyers in the country to bring a class action lawsuit. Class Counsel uncovered the problem and pursued it diligently. No other lawyer did the same.

7. This case epitomizes one in which work was done under incredible time pressure. For example, Class Counsel successfully opposed Collins Asset Group's Interpleader Action, which Collins Asset Group filed in the Southern District of New York after this class case was filed in the Norther District of Georgia. Had the Interpleader Action continued unabated, class members would have suffered irreparable harm. Class Counsel, Jason Doss, flew to the Southern District of New York on only several hours' notice and successfully defeated Defendant Collins Asset Group's attempt to obtain an *ex parte* TRO, which, if granted, would have forced class members to litigate any future disputes in the Southern District of New York and limited class members' ability to recover anything from Collins Asset Group.

8. Plaintiff's counsel, Jason Doss, also protected the interests of the class by obtaining an Order extending the deadline for class members to file an answer in

the Interpleader Action. But for Class Counsel's actions, the vast majority of class members who were named as defendants in the Interpleader Action would have defaulted, because they would not have hired an attorney (and never did) or otherwise answered the Interpleader complaint.

9. Without any guarantee of being paid for his time, Plaintiff's counsel, Jason Doss, worked with and helped dozens of class members, who were unrepresented defendants in the Interpleader, file a joint motion to dismiss the Interpleader Action and then successfully transferred the Interpleader Action to the Northern District of Georgia, so that both the Interpleader Action and this class case could be decided by the same Court to avoid conflicting rulings. Indeed, the efforts of Class Counsel positioned this case to mediate and resulted in this extraordinary result.

10. Class Counsel expended over 1,200 hours over the last year and a half pursing this case and they spent over $14,926.90 in expenses without any guarantee of recovery and precluding taking other profitable cases. Class Counsel paid half of the cost of the mediator (i.e., $10,000) without any guarantee that they would recoup their expenses.

11. Since the Court granted preliminary approval, Class Counsel has received phone calls and answered hundreds of questions from class members and to date, has helped over 45 class members file their proof of claim forms, gather their

documentation to support their claim and drafted their declarations as required by the claims process help ensure that their claim is filed properly.

12. Once the settlement administrator begins verifying the claims that have been and will be made, Class Counsel will need to monitor the process, communicate with impacted class members, and help resolve any disputes or issues as they arise.

13. To date, Class Counsel has incurred approximately $14,926.90 in litigation costs and expenses. These expenses, which include costs such as mediation fees, transcripts, process servers, and travel expenses were necessarily incurred in furtherance of the litigation.

14. In light of the totality of the circumstances, the Court should conclude that the settlement is fair, reasonable, and adequate and likely to achieve final approval and therefore notice should issue to the Settlement Class.

FURTHER DECLARANT SAYETH NOT. In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the forgoing is true and correct.

This 27th day of February 2021.

/s/ Jason R. Doss_____
Jason R. Doss


/s/ Jason K. Kellogg_____
Jason K. Kellogg